# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Arthur R. Wills,**
**Defendant Below, Petitioner**

**vs.)**     **No. 19-0701** (Raleigh County 19-C-AP-2)

**Bayview Loan Servicing LLC,**
**Plaintiff Below, Respondent**

**FILED**
**August 28, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Arthur R. Wills, self-represented litigant, appeals the July 3, 2019, order of the Circuit Court of Raleigh County directing petitioner to vacate the property at 1711 Bolt Road, Fairdale, West Virginia, by 5:00 p.m. on July 31, 2019. Respondent Bayview Loan Servicing LLC, by counsel W. Scott Campbell and Robert C. Kelly, filed a summary response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 2, 2008, petitioner executed a promissory note requiring him to make monthly payments to respondent, and executed a deed of trust securing the note with real property located at 1711 Bolt Road, Fairdale, West Virginia. Subsequently, on July 8, 2016, following petitioner's default on the terms of the note and the deed of trust, respondent bought the property at a trustee's sale.

After the trustee's sale, respondent did not immediately proceed to evict petitioner from the property. Rather, respondent offered petitioner a loan modification to allow petitioner to remain in his home. Petitioner failed to comply with the terms of the loan modification. Accordingly, on January 2, 2019, respondent filed an action in the Magistrate Court of Raleigh County, alleging

1

that petitioner was in unlawful possession of the property. On January 14, 2019, petitioner filed an answer to respondent's complaint.

Following a bench trial, by judgment order entered on April 19, 2019, the magistrate court directed petitioner to vacate the property on or before May 9, 2019. On May 7, 2019, petitioner appealed the magistrate court's April 19, 2019, judgment order to the Circuit Court of Raleigh County which held a trial de novo on July 2, 2019.[1] By order entered on July 3, 2019, the circuit court directed petitioner to vacate the property by 5:00 p.m. on July 31, 2019, finding that (1) "[respondent] attempted to allow for a loan mod[ification] to assist [petitioner] in retaining his home"; (2) "[petitioner] failed to comply with the loan modification terms"; and (3) "[respondent] provided [petitioner] with [a] proper notice to vacate" the property.

On July 30, 2019, petitioner filed a motion requesting that the circuit court stay its July 3, 2019, order. By order entered on July 31, 2019, the circuit court denied the motion. Despite the fact that the circuit court's July 3, 2019, order was not stayed, respondent has refrained from evicting petitioner from the property during the pendency of this appeal.[2]

On August 8, 2019, petitioner appealed the circuit court's July 3, 2019, order directing him to vacate the property. By order entered on August 9, 2019, this Court noted that petitioner advised that a transcript of the July 2, 2019, trial would not be necessary for consideration of his assignments of error.

We apply the standard for reviewing an order entered following a bench trial:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996).

---

[1]West Virginia Code § 50-5-12(b) provides, in pertinent part, that "[i]n the case of an appeal of a civil action tried before the magistrate without a jury, the hearing on the appeal before the circuit court shall be a trial de novo, triable to the court, without a jury." Rule 18(d) of the West Virginia Rules of Civil Procedure for Magistrate Courts similarly provides, in pertinent part, that "[a]n appeal of a civil action tried before a magistrate without a jury shall be by trial de novo in circuit court without a jury."

[2]West Virginia Code § 55-3A-3(g) provides, in pertinent part, that, during the pendency of an appeal in an action for wrongful occupation of residential property, "the tenant is not entitled to remain in possession of the property if the period of the tenancy has otherwise expired."

On appeal, petitioner presents his arguments in a very disorganized and confusing manner. Respondent argues that petitioner fails to assign any error to the circuit court's July 3, 2019, order.

Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." "Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal). Here, upon our review of petitioner's appellate brief and reply, we discern only two assignments of error.

First, petitioner argues that the circuit court improperly refused to consider his evidence. We decline to address this issue on appeal. As noted in this Court's August 9, 2019, order, petitioner advised that a transcript of the July 2, 2019, trial would not be necessary for consideration of his assignments of error. However, without such transcript, we have no way of evaluating petitioner's claim that the circuit court improperly refused to consider his evidence. Accordingly, pursuant to Rule 10(c)(7), as petitioner's argument is not supported by specific references to the record on appeal, the same will not be considered by this Court. *See State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994) (stating that we must "take as non[-]existing all facts that do not appear in the [appellate] record and will ignore those issues where the missing record is needed to give factual support to the claim").

Petitioner further argues that respondent did not attempt to help him to remain in his home. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Rule 52(a) of the West Virginia Rules of Civil Procedure provides, in pertinent part, that, when a court sits without a jury, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Here, based on our review of the appellate record, we find no cause to disturb the circuit court's findings that following the trustee's sale, (1) "[respondent] attempted to allow for a loan mod[ification] to assist [petitioner] in retaining his home"; (2) "[petitioner] failed to comply with the loan modification terms"; and (3) "[respondent] provided [petitioner] with [a] proper notice to vacate" the property. Accordingly, we conclude that the circuit court's July 3, 2019, order directing petitioner to vacate the property did not constitute an abuse of discretion.

For the foregoing reasons, we affirm the circuit court's July 3, 2019, order.

Affirmed.

**ISSUED:** August 28, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4